UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62220-CIV-COHN-SELTZER

RAYMOND HENRY STARKES, III,

    Plaintiff,

v.

JACK B. FLECHNER, ESQUIRE,
ILENE FLECHNER, GREG FEIT,
PAMELA FEIT, CANE BURGERS, LLC.,
CANE BURGERS II, LLC,
CANE BURGERS II DORAL, LLC,
CANE BURGERS II FIU, LLC,
CANE BURGERS SB, LLC,
CANE BURGERS MIDTOWN, LLC,
BURGER BIZ, LLC,

    Defendants.

_____/

## DEFENDANTS ILENE FLECHNER AND PAMELA FEIT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR FOR A MORE DEFINITE STATEMENT, AND SUPPORTING MEMORANDUM OF LAW

Defendants Ilene Flechner ("Ilene") and Pamela Feit ("Pamela")(collectively referred to herein as "Wives") move, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 23.1(a), to dismiss Plaintiff's First Amended Complaint on the grounds that the Complaint fails to state a claim upon which relief can be granted, and Plaintiff cannot fairly and adequately represent the interests of Cane Burgers, LLC. Alternatively, Wives move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), applying Rules 9(b), 8(a)(2), 8(d)(1) and 10(b).  In support of their motion, Wives state:

## MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

1.     The First Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted, or alternatively, Plaintiff should be required to give a more definite statement under Federal Rule of Civil Procedure 12(e). Moreover, all of the derivative claims (Counts I, II, III, and IV) should be dismissed pursuant to Federal Rule of Procedure 23.1(a), as the Plaintiff cannot *"fairly and adequately represent the interests of* [the] ... *members"* of Cane Burgers, LLC.

2.     Plaintiff's First Amended Complaint is not, by any stretch of imagination, a short and plain statement of the claims, as Federal Rule of Civil Procedure 8(a)(2) requires.  Instead, it is a lumbering, 37 page immensity with confusingly long, narrative paragraphs, many pages of which are unnumbered. Moreover, Plaintiff's First Amended Complaint is the type of "shotgun pleading" that the Eleventh Circuit and this Court have repeatedly condemned.

3.     The derivative claims (Counts I, II, III, and IV) have not been supported by a proper verification under Florida Statute *608.601(2)*, but instead are based on the impermissible premise of *"to the best of my knowledge, information and belief."* The derivative claims should therefore be dismissed.

4.     Federal Rule of Civil Procedure 23.1 requires that, as a class representative, the Plaintiff must *"fairly and adequately represent the interests of ... members who are similarly situated ..."* The Plaintiff, a minority member of Cane Burgers, LLC (owning 5.8%, according to Cane Burgers, LLC, or 23%

2

according to Plaintiff) cannot clear this hurdle. The Plaintiff's stated goal is to collect on a $702,000 personal judgment in favor of himself against Feit and Flechner from prior business transactions. A derivative action will confer no benefit on Cane Burgers, LLC and its other members. Moreover, the Plaintiff has brought direct claims against Cane Burgers, (Counts V, VI, VII, and VIII) which predominate. Plaintiff thus purports to both represent and control the interests of Cane Burgers, LLC while simultaneously suing Cane Burgers, LLC for, *inter alia,* damages. Finally, the Plaintiff, as discussed *infra,* cannot be said to *"fairly and adequately"* represent the interests of Cane Burgers, LLC, and the other members of Cane Burgers, LLC given his numerous financial entanglements with his own multiple judgment creditors and the I.R.S.

5.      The derivative claims should also be dismissed because Plaintiff fails to make the necessary allegations concerning a pre-suit demand as required by Florida Statute § 608.601(2)

### MEMORANDUM OF LAW

### A. *The Complaint is a Shotgun Pleading, and Violates Rules 8 and 10*

The 37 page, 169 paragraph First Amended Complaint is an improper "shotgun pleading" which the Eleventh Circuit Court of Appeals has, for good reason, repeatedly denounced. *See Thompson v. Relation Serve Media, Inc.,* 610 F.3d 628, 650 n.22 (11th Cir. 2010)(and cases cited therein); *PVC Windoors, Inc. v. Babbitbay Beach Const.,* N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010).

Shotgun pleadings such as those made in this case have also been condemned by this Court. *See Jovine v. Abbott Laboratories, Inc.,* 2011 WL 1376029 (S.D.Fla. 2011)(Cohn, J); *Ingraham v. Miami-Dade County Corrections and Rehabilitations Dept.,* 2010 WL 3359445 (S.D. Fla. 2010). In *Ingraham,* the plaintiff moved for dismissal of a "shotgun pleading" under Rule 12(b)(6) and the Court properly dismissed the action:

> Also relevant to the instant case is the Eleventh Circuit's condemnation of 'shotgun' pleadings. *See Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001). 'Shotgun' pleadings often incorporate every antecedent allegation by reference into each subsequent claim for relief. *Id.; Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir. 2006). 'Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently.' *Wagner,* 363 F.3d at 1279. Defendants seek dismissal of Plaintiff's complaint because it is a shotgun pleading. In this case, Plaintiffs have filed a nine count complaint, with one hundred twenty eight (128) numbered paragraphs. Each Count incorporates by reference all of the prior paragraphs. *Id.* While the Court has attempted to decipher the ultimate request for relief in each count, it is apparent that the incorporation of all prior allegations creates a quintessential 'shotgun' complaint that cannot be the basis for proceeding with this litigation. Despite Rule 8(a)'s liberal pleading requirement, 'a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action.' *Snow v. Direct TV, Inc.,* 450 F.3d 1314, 1320 (11th Cir. 2006). <u>Here, Plaintiff sets forth general allegations in a "factual allegations" section and applies all of the allegations to every claim regardless of whether the allegations are relevant to that claim while also incorporating the allegations of any count or counts that precede it.</u> *See e.g. Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001); *Anderson v. Dist. Bd. Of Trustees of Central Fla. Community College,* 77 F.3d 364, 365-66(11th Cir. 1996). With regard to the remaining claims, <u>Plaintiff must re-draft his complaint</u> to describe in sufficient detail allegations of particular conduct by a particular defendant in connection with each cause of action, specifying (1) which defendant or defendants each cause of action is asserted against; (2) what factual allegations form

the basis of each claim against each defendant; and (3) each legal theory upon which he asserts liability against each defendant.

*Id.* at \*5 (emphasis added; record citations omitted).

In *Pominansky v. Jarj Const. Corp.*, 2007 WL 2900275 (S.D.Fla. 2007)(and cases cited therein), this Court likewise decried the practice of submitting lengthy, prolix and disjointed pleadings such as those in the present case. "*Such redundant and long-winded complaints 'impede the due administration of justice and, in a very real sense, amount to the obstruction of justice' because they are in no way "short and plain statement(s) of the claim(s)" as required by Rule 8.*" *Id.* Moreover, this Court recently reiterated its denunciation of shotgun pleadings and the practice of "*lumping together defendants*" in *Great Florida Bank v. Countrywide Home Loans, Inc.*, 2011 WL 382588 (S.D.Fla. 2011)(and cases cited therein).

Here, Plaintiff filed a Faulkner-esque, 37 page Complaint that features four pages of unnumbered[1] paragraphs titled "Preliminary Statement" (First Amended Complaint, pages 4-7), including a five sentence paragraph containing 118 words[2],

---

[1]     It is not until midway through page 8 of the Complaint that the reader first encounters a numbered paragraph.

[2]     Federal Rule of Civil Procedure 8(d)(1) requires that "*[e]ach allegation must be simple, concise and direct.*" Moreover, "Federal Rule of Civil Procedure 10(b) requires that the averments of a claim '*shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances ... [and][e]ach claim found upon a separate transaction or occurrence ... shall be stated in a separate count.*' *Fed.R.Civ.P. 10(b)*. These rules, working together, require a plaintiff '*to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive* pleading' and allow the court to determine which facts supported which claims and whether the plaintiff had stated any claims upon

5

(First Amended Complaint, page 7, second paragraph from the top of page), and even five footnotes.[3] (First Amended Complaint, pages 2, 4, 16, 18 and 19).

The First Amended Complaint also contains confusing paragraphs such as: "*In this Complaint herein, the term or phrase: (ii) "and" shall mean "any and all" while "all" will mean "any and all"*" (First Amended Complaint, ¶ 95). Such bewildering allegations are incorporated by reference into every count. This is but one of many possible examples where the First Amended Complaint is utterly vague, prolix and disjointed, in violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b).

Plaintiff has likewise incorporated twenty-two (22) pages of allegations, consisting of ninety-five (95) paragraphs by reference into each of the eight (8) causes of action, regardless of their relevance or lack of relevance to a particular claim.

Plaintiff has not simply incorporated the first ninety-five (95) numbered paragraphs into each count, but he has also incorporated into each count the four page unnumbered narrative. (First Amended Complaint, ¶ 25 which incorporates "*all allegations alleged above as if set forth fully herein.*")

---

which relief can be granted." *Washington v. Bauer*, 149 Fed.Appx. 867 (11th Cir. 2005)(*quoting Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

[3]    *See Venezia v. Union County Prosecutor's Office*, 2011 WL 2148818 (D.N.J. 2011)("The Amended Complaint has forty footnotes; it should contain none").

Many counts additionally incorporate not just the first ninety-five (95) numbered paragraphs, which in turn re-incorporate the first four pages of unnumbered narrative, whether relevant to the count or not, but then Plaintiff reincorporates all of the allegations made in <u>all of the other prior counts</u>. (First Amended Complaint, Count II, ¶ 107; Count III, ¶ 113; Count IV, ¶ 128). The First Amended Complaint represents the antithesis of the pleading requirements under Federal Rules of Civil Procedure 8(d)(1) and 10(b).

The Wives are improperly "lumped together," without the Plaintiff specifying which allegations apply to particular defendants, in contravention of Federal Rules of Civil Procedure 8(a)(2) and 10(b). It is not enough for the Plaintiff to simply allege that *"Feit and Flechner's respective spouses ... acted .. as co-conspirators in assisting their spouses..."* (First Amended Complaint, page 7) As this Court has observed *"[t]hese rules [8 and 10] ensure due process with proper notice to each defendant as to what claims are actually being alleged against each defendant." City of Fort Lauderdale v. Scott,* 773 F.Supp.2d 1355 (S.D.Fla. 2011)(Cohn, J.). For these reasons, Plaintiff's First Amended Complaint should be dismissed, or Plaintiff should be ordered to provide a more definite statement.

**B.  *The Derivative Complaint is Not Properly Verified***

Florida Statute *608.601(2)* requires that "[a] *complaint in a proceeding brought in the right of a limited liability company must be verified* ...." Plaintiff fails to comply with this verification requirement, instead, stating that *"... the contents of the foregoing are true and correct <u>to the best of my knowledge,</u>*

*information and belief."* (First Amended Complaint, page 35).   Compounding Plaintiff's admitted lack of personal knowledge necessary to sustain a derivative action, is his repeated use of the phrase *"Starkes is informed and believes ..."* which negates both its evidentiary value, and the purpose and intent of statutorily requiring that a derivative pleading be verified. (First Amended Complaint, ¶¶ 83, 110, and 130). It is the equivalent of hearsay upon hearsay. *"A verification which is improperly based on information and belief is insufficient to entitle the verifying party to relief because the verification is qualified in nature." Ballinger v. Bay Gulf Credit Union*, 51 So.3d 528 (Fla. 2d DCA 2010). *Compare Lenhard v. Dinallo*, 2011 WL 4592804, *5 n.5 (N.D.N.Y. 2011)("An affidavit (or verified complaint) is not based on personal knowledge if, for example, it is based on mere "information and belief" or hearsay.").[4]  Nor is there an attestation in the First Amended Complaint that the "facts" alleged are based upon Plaintiff's *personal knowledge.*  Accordingly, each of the derivative claims should be dismissed.[5]

## C. *Plaintiff Is Not an Adequate Representative to Bring a Derivative Action*

Where a litigant's interests are *"... inimical to the interests of the shareholders,"* that person is *"an improper party"* to maintain a derivative action. *Adiel v. Electronic Financial Systems, Inc.*, 513 So.2d 1347 (Fla. 3d DCA 1987)(and

---

[4]   While these cases were not derivative actions, they address the issue of what is required for a verification to have evidentiary value under Florida and federal law.

[5]   Wives are unaware what claims are being asserted against the six corporate defendants other than Cane Burgers, LLC.

cases cited therein)(emphasis added). *See also Bernstein v. Workers' Compensation Medical Centers, Inc.*, 755 So.2d 141 (Fla. 4th DCA 2000)(affirming dismissal of inadequate representative in derivative action after taking into account, among other issues, plaintiff's motivations in bringing suit).

State courts are the natural, lawful, and appropriate forum for derivative actions. *Daily Income Fund, Inc. v. Fox,* 406 U.S. 523, 531, 104 S. Ct. 831, 835, 78 L. Ed. 2d 645 (1984).

In order to be able to provide fair and adequate representation, there must not be a conflict of interest that would affect the forcefulness of the prosecution, nor antagonism between the plaintiff and other shareholders arising from differences of opinion concerning the best method to vindicate the corporate claim. 19 Am. Jur. 2d Corporations §2043. Here, there is nothing but conflicts of interest between Plaintiff and the other members of Cane Burgers, LLC.

The concept of fair and adequate representation has been referred to as a fiduciary duty imposed upon the corporate representative. *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 549-550, 69 S.Ct. 1221, 1227, 93 L.Ed. 1528 (1949)

> ... a stockholder who brings suit on a cause of action derived from the corporation assumes a position, not technically as a trustee perhaps, but one of fiduciary character. He sues, not for himself alone, but as a representative of a class comprising all who are similarly situated. The interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom, and integrity. And while the stockholders have chosen the corporate director or manager, they have no such election as to a plaintiff who steps forward to represent them. He is a self-chosen representative and a volunteer champion. *Id. 593*

9

The requirement that the Plaintiff fairly and adequately represent the interests of similarly situated members requires a court to examine any indications that there are extrinsic factors which render it likely that the representative may disregard the interests of the class members. The court may take into account outside entanglements[6], and ulterior motives, that render it likely that the representative may disregard the interests of the other class members. In making this determination, the court may rely upon affidavits submitted by the parties. *Davis v. Comed, Inc.,* 619 F.2d 588, 593 (6th Cir. 1980).

So too, the Court may consider, in addition to outside entanglements, whether the representative could conceivably use the derivative action as leverage in other litigation between himself and the corporation. *Blum v. Morgan Guaranty Trust Company of New York,* 539 F.2d 1388 (5th Cir. 1976) In *Rothenberg v. Security Management co., Inc.,* 667 F.2d 958 (11th Cir. 1982), the Court observed that "*[a] derivative suit can constitute a particularly effective weapon for purposes of obtaining a favorable settlement in other actions." Id. footnote 7).*

Here, it is evident on the face of the pleadings that Plaintiff is an improper party to bring a derivative action.

---

[6]   Exhibit 1, a chronological list of judgments entered against Plaintiff, and Exhibit 2, details of some, but not all of those judgments, reflects that Plaintiff has numerous legal entanglements which have resulted in multiple judgments and liens against him totaling nearly half a million dollars. With so many judgment creditors, including the IRS for unpaid taxes dating back to 2006, it is questionable whether Plaintiff will own any claims or membership interests in Cane Burgers, LLC at the end of this lawsuit.

Plaintiff repeatedly alleges a personal agenda that he is pursuing which is inimical to the interests of Cane Burgers, LLC and its members.  Such allegations include:  Plaintiff's *"other dealings with Feit and Flechner"* (First Amended Complaint, page 6);[7] *"two transactions which occurred in Maryland"* (First Amended Complaint, page 6); a personal $500,000.00 loan by Plaintiff to Feit and Flechner (First Amended Complaint, page 6); an investment by Plaintiff with Feit and Flechner in a real estate venture (First Amended Complaint, page 6); a Maryland lawsuit by Plaintiff against Feit and Flechner (First Amended Complaint, page 7); a lawsuit by Plaintiff against Feit and Flechner in state court in Broward County, Florida (First Amended Complaint, ¶ 34); a $702,000.00 judgment Plaintiff obtained against Feit and Flechner which Plaintiff is trying to collect (First Amended Complaint, page 7); discovery disputes in the Maryland action (First Amended Complaint, page 7); *"machinations by Feit and Flechner during the enrollment of the Maryland judgment ..."* (First Amended Complaint, ¶ 40); evasion of service of process when Plaintiff filed a Florida State Court action against Feit and Flechner (First Amended Complaint, ¶ 41; (and individual predominate non-derivative claims Plaintiff is attempting to make in this action. (First Amended Complaint, Counts V, VI, VII, and VIII).  *Compare Read v. Read*, 205 Wis.2d 558, 556 N.W.2d 768 (Wis.App. 1996)(affirming trial court's dismissal of both a derivative and direct

---

[7]   Defendants again regret not being able to cite the Court to a paragraph number, but unfortunately this narrative portion of the First Amended Complaint has no paragraph numbers.

action claim, where plaintiff "*was motivated by personal gain and, thus, was an inappropriate derivative plaintiff to represent the interests of the corporation*").

Plaintiff's interests are not aligned, and indeed are in direct conflict, with that of the other members, and Cane Burgers, LLC itself. Plaintiff admits as much by pleading that he "*will adequately and fairly represent the interests of the ROOT LLC and its other members (not including __at least__ Feit and Flechner) ....*" (First Amended Complaint ¶ 22) (emphasis added). By stating "*at least,*" Plaintiff is admitting there are other members whose interests he may not represent. Indeed, Plaintiff provides a preview to those other members of how they might later be treated by Plaintiff. After identifying the names of each of the members of Cane Burgers, LLC, Plaintiff goes on to assert that these other members of Cane Burgers, LLC are "*not a named party __at this time__ ...*" (First Amended Complaint, ¶17).

It is therefore not surprising that the members of Cane Burgers, LLC have signed Declarations vigorously objecting to the Plaintiff's purported representation of their interests.[8]. Plaintiff represents a class of one - himself.[9]

---

[8]   Flechner and Feit, who own their membership interests with their wives, as tenants by the entireties, have not submitted Declarations, but the Wives, who are members of Cane Burgers, LLC have filed Declarations thereby accounting for 100% of the membership interests. In the Declaration of Ilene Flechner, it is pointed out that Mr. Davis is not a member of Cane Burgers, LLC.

[9]   *Kuzmickey v. Dunmore Corp.,* 420 F.Supp. 226 (D.C. Pa. 1976) ("*These affidavits make it readily apparent that plaintiff does not represent anyone but herself for there are no other shareholders who are "similarly situated" ... While I recognize it is not necessary in a derivative action that the plaintiff have the support of all other minority shareholders ... here plaintiff has no support at all. It seems to me that language of Rule 23.1 is clear that a derivative action may not be maintained unless the plaintiff represents "interests of shareholders" other than*

The Plaintiff has a history of soured business relationships, not just with Feit and Flechner, as Plaintiff alleges, but also with another Cane Burgers, LLC member, Louis Geller, who was a former business partner/associate of the Plaintiff. Louis Geller's Declaration speaks directly to whether Plaintiff is likely to fairly and adequately represent the interests of the Cane Burgers, LLC members.

1. In the outside business entanglements that Plaintiff highlights in his First Amended Complaint, (Residential Home Loan Company) the Plaintiff was caught dipping into the till at the rate of $10,000 per week. (Declaration of Geller, ¶¶ 15-23).

2. Plaintiff wrongfully diverted somewhere between $200,000 and $250,000 in this prior business relationship with Flechner, Feit, and Louis Geller. (Declaration of Geller, ¶ 25).

3. When Plaintiff realized that the company in which he had a 25% interest had recovered the diverted funds from a closing, Plaintiff caused the company's bank account to be nearly emptied. Plaintiff had a check for $250,000 issued made payable to cash which he took. (Declaration of Geller, ¶¶ 27-28).

4. After demand, Plaintiff eventually returned the misappropriated funds. (Declaration of Geller, ¶ 31).

5. Plaintiff's conduct in cleaning out the corporate bank account almost forced the company out of business. (Declaration of Geller, ¶ 32).

6. Plaintiff sued a business entity in which he was partners with Geller, Flechner, and Feit. After two years of litigation, Plaintiff took a dismissal with prejudice, and the court dismissed the remaining count against the company. (*See* Declaration of Geller, ¶¶ 54-56).

7. Plaintiff has numerous money judgments against him, totaling nearly half a million dollars. (Declaration of Geller, ¶ 38).

---

*herself. If a derivative action could be maintained by a single non-representative shareholder, this language would be unnecessary." Id. 231.*

Plaintiff is the proverbial tail wagging the dog. Plaintiff seeks this Court's judicial imprimatur, notwithstanding the objection of the overwhelming majority of the membership interests.

In fact, Plaintiff makes his personal agenda clear by pleading that *"[f]or both the purposes of this litigation and <u>for seeking assets to satisfy the [personal] judgment [in favor of Plaintiff] resulting from the Maryland Litigation</u>, Starkes has investigated, to the degree possible, the holdings of Feit and Flechner."* (First Amended Complaint, page 7).

The overarching purpose of this litigation is thus for Plaintiff to pursue collection of his <u>own</u> claims in preference to, or to the detriment of, Cane Burgers, LLC and its other members. A federal court should not be burdened with a lawsuit that is essentially a collection action for Plaintiff's other past and pending state court cases, in the guise of them being characterized as a "derivative" action. *Compare Reed Marketing Corp. v. Diversified Marketing, Inc.*, 419 F.Supp. 125 (D.C.Ill. 1976)(*"There can be little doubt that the transformation of the federal courts into collection agencies for judgment creditors would impede the judicial function"*). Under these circumstances, Plaintiff should not be permitted to proceed with the derivative claims.

D. *The Derivative Claims Should be Dismissed for Failure to State a Cause of Action*

Plaintiff fails to properly allege that he made the necessary demand prior to filing this derivative shareholder suit.[10]  Florida Statute §608.601(2) requires that *"[a] complaint in a proceeding brought in the right of a limited liability company must be verified and allege with particularity the demand made to obtain action by the managing members of a member-managed company or the managers of a manager-managed company and that the demand was refused or ignored."* (emphasis added).  In this case, Plaintiff alleges that he *"made repeated demands ... concerning the Root LLC,"* but fails to plead with particularity, as required by the statute, what those demands were, upon whom they were made, the modality of the requests, and when they were made. *See* First Amended Complaint, ¶¶ 26 & 37.  To the extent Plaintiff alleges in general terms that some demand was made, it is unclear whether such demand was made concerning any of the particular derivative claims asserted in the First Amended Complaint or for some other perceived wrong.

---

[10]   Rule 23.1 establishes the procedural pleading requirements to maintain a derivative action.  However, in a diversity action, the Rule incorporates the state substantive law requirements for derivative actions. *See Brown v. Ferro Corp.*, 763 F.2d 798, 802 (6th Cir. 1985).  The demand requirement is a matter of substance, and not procedure. *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96, 111 S. Ct. 1711, 114 L. Ed. 2d 152 (1991).  Therefore, in a diversity jurisdiction case such as this, the determination of whether a demand is required and the type of demand that must be made prior to filing a derivative shareholder action is based on state law. *Gonzalez Turul v. Rogatol Distrib., Inc.*, 951 F.2d 1, 2 (1st Cir. 1991); *Garber v. Lego*, 11 F.3d 1197, 1206-1207 (3d Cir. 1993).

15

As presently pled, Plaintiff's "repeated demands" could consist of repeated requests for anything other than a demand requesting "action" be taken by Cane Burgers, LLC to investigate some perceived wrong.

Plaintiff alleges that the demand requirement should be excused as futile. However, Florida Statute §608.601(2) does not excuse the requirement that a demand be made on this basis. To the contrary, the statute requires an allegation that the demand was made and that the defendants refused or rejected it. Based on the foregoing, Plaintiff has failed to properly plead the derivative claims and, therefore, they should be dismissed.[11]

Count IV, a derivative claim, seeks an accounting pursuant to Florida Statute §608.4101. This Court lacks jurisdiction under said statute. Subsection 6 of Florida Statute §608.4101 provides that "[a]*ny action to enforce any right arising under this section shall be brought in the appropriate circuit court.*"

### E. *The Immaterial, Impertinent and Scandalous Allegations Should be Stricken Pursuant to Federal Rules of Procedure 12(f)*

Plaintiff goes to great lengths to tar and feather the Wives' husbands with immaterial, impertinent, and scandalous allegations having nothing to do with the claims asserted. Federal Rules of Procedure 12(f) provides for the Court to strike such allegations.

---

[11] In each instance where Plaintiff has failed to allege compliance with the pre-suit requirements of Florida Statute §608.601, Plaintiff likewise lacks standing to bring any derivative claim. *See In re Whittle*, 449 B.R. 427 (Bkrtcy.M.D.Fla. 2011)("Florida law establishes a right of a member to bring a derivative action on behalf of a limited liability company; but, that action must be initiated through a statutorily-specified process of which plaintiffs have not availed themselves").

The following allegations in the First Amended Complaint should be stricken.

i.    Starkes invested other money with Feit and Flechner in a real estate venture and that money was not returned to Starkes. (First Amended Complaint. Page 6].

ii.   Feit and Flechner had their pleadings stricken in the Maryland Litigation for purported discovery violations. (First Amended Complaint, page 7).

iii.  A Maryland Court entered a judgment against Feit and Flechner. (First Amended Complaint, page 7).

iv.   For purposes of this litigation and for seeking assets to satisfy the judgment from the Maryland Litigation, Starkes has investigated the holdings of Feit and Flechner. (First Amended Complaint, page 7).

v.    All references to Plaintiff's efforts to collect on a judgment against Feit and Flechner; references to discovery violations in other cases; references to a pattern and practice of deceptive dealings between Plaintiff and Feit and Flechner; Feit and Flechner's attitude and enforcement litigation filed in the Broward County Litigation; Feit's and Flechner's alleged pattern and practice of bad faith business dealings; machinations by Feit and Flechner in the Broward County Litigation, including issues of service of process returned mail; lack of notice; discovery issues; and a purported failure of Feit to properly carry out his duties as a registered agent; a pattern of dealing with Plaintiff in other business ventures and transactions, depriving Plaintiff of profits and investments; a pattern of conduct of    withholding    information    about    other    business ventures/transactions.; (First Amended Complaint, ¶¶ 31-34, 40-46, and 153-155).[12]

---

[12]    Individually, and collectively, these allegations have no place in the instant litigation, and the practice of trying to inject character evidence or bad act evidence into the instant litigation should not be countenanced. These are not the type of allegations one would expect of a corporate representative initiating a derivative action on behalf of his fellow members. Plaintiff makes it sound personal.

## F. *Conclusion*

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 23.1(a), the First Amended Complaint should be dismissed as it fails to state a claim upon which relief can be granted against Wives, and Plaintiff cannot fairly and adequately represent the interests of Cane Burgers, LLC. Alternatively, Plaintiff should be required to file an amended complaint to provide for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), applying Rules 9(b), 8(a)(2), 8(d)(1) and 10(b).

**WHEREFORE**, for all of the reasons and citations of authority set forth above, Plaintiff's First Amended Complaint should be dismissed. Alternatively, Plaintiff should be ordered to give a more definite statement. Defendant further requests, pursuant to this Court's inherent authority, that an award of attorneys' fees be entered in Defendants' favor given the number of Rules of Civil Procedure that were violated in Plaintiff's pleading and the numerous untenable claims made in the First Amended Complaint.

Respectfully submitted,

By:   /s/ Scott A. Silver, Esq.
SCOTT A. SILVER, ESQ.
Fla. Bar No.: 0343277
**SILVER & GARVETT, P.A.**
18001 Old Cutler Road, Suite 600
Miami, Florida 33157
Tel: 305/377-8802
Fax: 305/377-8804
E-Mail: ssilver@floridalegal.net

18

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on January 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to counsel of record. I also certify that a copy of the foregoing will be served on all counsel of record either via Notice of Electronic Filing transmission generated by the CM/ECF system or in some other manner authorized by the Federal Rules of Civil Procedure for counsel or parties not authorized to receive Notices of Electronic Filing from this Court.

By:    /s/ Scott A. Silver, Esq.
SCOTT A. SILVER, ESQ.
Fla. Bar No.: 0343277
**SILVER & GARVETT, P.A.**
18001 Old Cutler Road, Suite 600
Miami, Florida 33157
Tel: 305/377-8802
Fax: 305/377-8804
E-Mail: ssilver@floridalegal.net

19