UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62220-CIV-COHN/SELTZER

RAYMOND HENRY STARKES, III,

    Plaintiff,
vs.

JACK B. FLECHNER, ILENE FLECHNER,
GREG FEIT, PAMELA FEIT, CANE BURGERS, LLC,
CANE BURGERS II, LLC, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR DISCLOSURE OF DIRECTING PRINCIPAL(S)

**THIS CAUSE** is before the Court upon Plaintiff's Cross-Motion and Expedited Motion for the Corporate Defendants to Identify Their Directing Principals [DE's 31 and 33] and Defendant Cane Burgers, LLC, et al.'s Response [DE 43].  The Court has carefully considered the motion and response, is fully advised in the premises, and notes that no reply memorandum was filed by the January 30, 2012 deadline.

### I.  BACKGROUND

Plaintiff Raymond Henry Starkes, III ("Starkes" or "Plaintiff") filed this action against his business partners, Gregory Feit and Jack Flechner, along with their wives, Ilene Feit and Pamela Flechner, and various closely held corporations.  Starkes alleges that he formed Defendant Cane Burgers, LLC ("Root LLC") with Feit and Flechner in order to purchase and operate franchises in Florida of Five Guys, a premium fast food restaurant chain.  Starkes, Feit and Flechner each owned 25% of Root LLC, with the remaining 25% split among an operations manager and several investors.  First Amended Complaint, ¶¶ 59-61, 64 [DE 24].  Starkes alleges that the Five Guys franchises purchased by Root LLC in 2005 made significant profits, but only Feit and Flechner enjoyed those profits by obtaining wrongful distributions from Root LLC and

creating spinoff corporations, also named as Defendants in this action. Id., ¶¶ 81-82, 88. Plaintiff alleges that Feit and Flechner refused his attempts to obtain an accounting of Root LLC. In 2011, Plaintiff alleges that a third party purchased all of the assets of Root LLC and its progeny for over $5.7 million dollars, paid only to Feit and Flechner. Id., ¶¶ 89-90.

The First Amended Complaint contains derivative claims on behalf of Root, LLC against Feit and Flechner for misappropriation of a business opportunity, breach of fiduciary duty, civil conspiracy, as well as an additional derivative claim for accounting against Feit, Flechner, and Root LLC (Counts I to IV). In addition, Starkes asserts direct claims against Flechner and Feit for conversion, distribution of profits pursuant to Fla. Stat. § 608.4261, civil conspiracy, and unjust enrichment (Counts V to VIII). One week after the First Amended Complaint was filed, Defendants Gregory Feit and Jack Flechner filed for bankruptcy, resulting in a stay of this litigation as to those two defendants [DE's 27, 28 and 29].

After the corporate defendants moved for an extension of time to respond to the Complaint, Plaintiff filed a cross-motion asking the Court to direct counsel for the corporate defendants to identify the natural persons directing his actions, and to disclose the minutes of all meetings concurrent with Feit and Flechner's bankruptcy filings wherein any corporate defendant determined or elected a principal as a managing member or as a controlling interest. Defendants oppose the motion.

## II. DISCUSSION

Plaintiff argues that pursuant to Fla. Stat. § 608.4237(1)(b), Feit and Flechner automatically lost their interest in their Florida limited liability companies. Section 608.4237(1)(b) states that a person ceases to be a member of a limited liability

2

company upon the filing of a voluntary petition in bankruptcy, unless otherwise provided for in the articles of organization. There is no indication in the record that Cane Burgers, LLC had a provision in its articles of organization that governed bankruptcy situations.

Plaintiff relies upon Campellone v. Cragan, 910 So. 2d 363, 365 (Fla. Dist. Ct. App. 2005), for the proposition that corporate counsel could have a conflict representing both a corporation and its principal where allegations exist of serious wrongdoing by the principal injurious to the corporation.[1] In the present action, however, the individual defendants have separate counsel from the corporate defendants.

In opposition to the motion, Defendants impliedly answer the question that Plaintiff asks – counsel for the corporate Defendants "has taken direction in the handling of this lawsuit from Flechner and Feit, who are the duly authorized managers of Cane Burgers, L.L.C." Response, ¶ 3. Defendants contend that because Feit and Flechner's interest in Cane Burgers, LLC is owned in conjunction with their spouses as tenancies by the entireties, it is not subject to termination under § 608.4237(1)(b). In Beal Bank, SSB v. Almand and Associates, 780 So. 2d 45 (Fla. 2001), the Florida Supreme Court held that when a husband and wife take personal property, a presumption exists that they take title as tenants by the entireties. 780 So. 2d at 57; Cacciatore v. Fisherman's Wharf Realty Lt. Partnership, 821 So. 2d 1251, 1254 (Fla. Dist. Ct. App. 2002) (presumption extends to stock certificates). Defendants argue that the husband and wife's undividable interest cannot be compromised pursuant to

---

[1] The second cited decision, Razin v. A Milestone, LLC, 67 So. 3d 391 (Fla. Dist. Ct. App. 2011), dealt with a conflict arising from retention of counsel by two 50% owners that is not applicable to the issue before the Court.

§ 608.4237(1)(b) because of the husband's bankruptcy filing. Defendants also contend that Feit and Flechner are managers of Cane Burgers, LLC, separate and apart from whether they are still members of the company. Florida law contemplates that an LLC could be run by a manager. Fla. Stat. § 608.422(3).

Upon consideration of the parties' arguments, the Court notes that the narrow relief sought by Plaintiffs – the disclosure of who is directing counsel's actions – has already been provided in Defendant's response. This federal court, sitting in diversity, is reluctant to opine on an area of Florida limited liability company law in which neither party has cited to any Florida court decisions addressing the application of § 608.4237(1)(b) to an interest held by a tenancy by the entirety.[2] The Court concludes that Plaintiff's motion can be denied as moot.[3]

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Cross-Motion and Expedited Motion for the Corporate Defendants to Identify Their Directing Principals [DE's 31 and 33] are hereby **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of February, 2012.

JAMES I. COHN
United States District Judge

copies to:
counsel listed on CM/ECF

---

[2] The Court has not found such a case in its research.

[3] To the extent Plaintiff also seeks discovery of any minutes of any managerial changes to the corporate defendants, the discovery process should be utilized to obtain that information.