UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62220-CIV-COHN/SELTZER

RAYMOND HENRY STARKES, III,

    Plaintiff,

vs.

JACK B. FLECHNER, ILENE FLECHNER,
GREG FEIT, PAMELA FEIT, CANE BURGERS, LLC,
CANE BURGERS II, LLC, CANE BURGERS II DORAL
LLC, CANE BURGERS II FIU, LLC, CANE
BURGERS SB, LLC, CANE BURGERS MIDTOWN
LLC, and BURGER BIZ, LLC.

    Defendants.
_____/

### ORDER GRANTING IN PART MOTION TO DISMISS
### ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT
### ORDER GRANTING MOTION FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Defendants Ilene Flechner and Pamela Feit's Motion to Dismiss First Amended Complaint or for a More Definite Statement [DE 45], the LLC Defendants' Motion to Dismiss or for a More Definite Statement [DE 55], Plaintiff's Opposition to Motions to Dismiss [DE 57], Defendant Wives' Reply to Plaintiff's Opposition [DE 58], the LLC's Defendants Motion for Joinder in Wives Reply [DE 62], Plaintiff's Motion for Appropriate Relief including for leave to amend [DE 65] and Plaintiff's Motion for Hearing [DE 66].  The Court has carefully considered the motions and all related filings and is fully advised in the premises.

### I. BACKGROUND

Plaintiff Raymond Henry Starkes, III ("Starkes" or "Plaintiff") filed this action against his business partners, Gregory Feit and Jack Flechner, along with their wives, Ilene Feit and Pamela Flechner, and various closely held corporations.  Starkes alleges that he formed Defendant Cane Burgers, LLC (defined as "Root LLC") with Feit and

Flechner in order to purchase and operate franchises in Florida of Five Guys, a premium fast food restaurant chain.  Starkes, Feit and Flechner each owned 25% of Root LLC, with the remaining 25% split among an operations manager and several investors.  First Amended Complaint, ¶¶ 59-61, 64 [DE 24] (hereinafter, "FAC").  Starkes alleges that the Five Guys franchises purchased by Root LLC in 2005 made significant profits, but only Feit and Flechner enjoyed those profits by obtaining wrongful distributions from Root LLC and creating spinoff corporations, also named as Defendants in this action.  Id., ¶¶ 81-82, 88.  Plaintiff alleges that Feit and Flechner refused his attempts to obtain an accounting of Root LLC.  In 2011, Plaintiff alleges that a third party purchased all of the assets of Root LLC and its progeny for over $5.7 million dollars, paid only to Feit and Flechner.  Id., ¶¶ 89-90.

The First Amended Complaint contains derivative claims on behalf of Root, LLC against Feit and Flechner for misappropriation of a business opportunity, breach of fiduciary duty, civil conspiracy, as well as an additional derivative claim for accounting against Feit, Flechner, and Root LLC (Counts I to IV).  In addition, Starkes asserts direct claims against Flechner and Feit for conversion, distribution of profits pursuant to Fla. Stat. § 608.4261, civil conspiracy, and unjust enrichment (Counts V to VIII).  The FAC does not identify a claim against Defendants Ilene Feit and Pamela Flechner, nor does it list a claim against any corporate defendants other than Cane Burgers, LLC (i.e. Root LLC).  One week after the FAC was filed, Defendants Gregory Feit and Jack Flechner filed for bankruptcy, resulting in a stay of this litigation as to those two defendants [DE's 27, 28 and 29].  Defendants Ilene Feit and Pamela Flechner have moved to dismiss this action.  The LLC Defendants collectively filed their own motion to dismiss.  Two days after the motions to dismiss became ripe, Plaintiff filed a notice and

a motion for relief that stated that he failed to state a claim against Ilene Feit and Pamela Flechner ("the Wives"). Plaintiff seeks leave to file an amended complaint, among other forms of relief.

## II. DISCUSSION

Defendants put forth several arguments in support of their motions to dismiss. Both the Wives and the LLC Defendants argue that the First Amended Complaint is a shotgun pleading, that it is insufficiently verified, that Starkes is an improper derivative action representative, that Plaintiff has failed to allege a demand upon the corporation, that a claim for accounting can only be brought in state court, and that no claim is stated against the other corporate entities.

### A.  Motion to Dismiss and Pleading Standards

Pursuant to the United States Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but

3

only well-pleaded factual allegations are entitled to an assumption of truth.

At the same time, a complaint must also comply with Fed. R. Civ. P. 8(a) and 10. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 10(b) requires that there be only one claim per count. Rule 10 forbids "shotgun pleadings," where myriad factual allegations and legal theories are often consolidated into a single count, or into one set of "general allegations" which, in turn, is incorporated by reference wholesale into every count of the complaint. Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366-67 (11th Cir. 1996).

The Wives and LLC Defendants contend that the First Amended Complaint is a shotgun pleading because it contains a four-page preliminary statement without numbered paragraphs, contains long, narrative paragraphs, is 37 pages in length, and incorporates all 95 paragraphs of allegations into each of the eight counts. FAC, ¶¶ 107, 113, 128, 134, 139, 148, and 160. In response, Plaintiff dismisses this argument in conclusory fashion by including verbatim 127 paragraphs from the FAC (taking up 15 pages of his 26 page opposition). Plaintiff's Opposition at pp. 4 -18 [DE 57]. While the Court recognizes that the FAC does not incorporate paragraphs from prior counts into each following count, it does incorporate all 95 paragraphs of factual allegations into every count. The FAC does not technically violate Rule 10, because there is only one claim per count, and does not violate Twombly nor Rule 8. The Court will not dismiss this action on this ground.[1]

---

[1] Because the FAC must be re-plead for the reasons expressed below, the Court strongly suggests that in drafting the Second Amended Complaint, Plaintiff consider only incorporating those factual allegations relevant to the particular claim into each separate count.

## B.  Verification and Demand

Defendants argue that Plaintiff has failed to comply with the verification requirement of Florida law for derivative actions.  Fla. Stat. § 608.601(2) (West 2012).  The FAC is verified under penalty of perjury, but the phrase "to the best of my knowledge, information and belief" is added to the standard affirmation.  FAC at p. 35.  Defendants rely upon the decision in Ballinger v. Bay Gulf Credit Union, 51 So.3d 528, 529 (Fla. Dist. Ct. App. 2010), which reversed a grant of summary judgment because a verification stated that the information was based upon "knowledge and belief."  Plaintiff points out that the Ballinger decision stated the summary judgment standard for granting affirmative relief, and did not opine on the more limited requirements of § 608.601(2).  In the absence of Florida authority regarding the extent of verification required to initiate a derivative action, this Court agrees with Plaintiff that the verification in this case is sufficient to withstand a motion to dismiss.

Defendants also seek dismissal for Plaintiff's failure to "allege with particularity the demand made to obtain action" by the managing members of the LLC's, again a requirement of § 608.601(2).  Plaintiff has alleged in his Complaint that he "made repeated demands on Feit and Flechner, individually and collectively, concerning the Root LLC; however the previous demands were ignored. . . ."  FAC, ¶ 26, 37. Plaintiff also argues that such a demand would be futile under Fed. R. Civ. P. 23.1, given Feit and Flechner's history of avoiding written demands.  Defendants contend that Florida law controls pursuant to Kamen v. Kemper Financial Services, Inc., 500 U.S. 90, 96-97 (1991), which held that "the function of a demand doctrine in delimiting the respective powers of the individual shareholder and of the directors to control corporate litigation clearly is a matter of 'substance,' not 'procedure.'" The Court agrees that Fla. Stat.

§ 608.601(2), rather than Fed. R. Civ. P. 23.1, controls the demand issue.  Plaintiff has not put forth case authority that Florida law excuses demand for reasons of futility.  Rather, the statute requires Plaintiff to allege demand with particularity.  Plaintiff has not alleged when and in what form he attempted to demand actions by Root LLC.  Therefore, Plaintiff has failed to meet the procedural requirements of § 608.601(2).  Such allegations need to be included in any amended complaint.

### C.  Proper Derivative Representative

Defendants next contend that Plaintiff is not a proper derivative representative because he has several conflicts, including having individual claims against other members of the LLC for past debts (as explained in FAC, ¶¶ 31-34); having numerous judgments and other actions pending against himself; and the fact that other members of the LLC's oppose Plaintiff being considered their representative.  See Declarations at DE's 47-54.  Plaintiff argues in response that he represents those members who were not paid:  himself and Charles Davis.  However, as Defendants point out in their reply, Plaintiff has alleged that Charles Davis has had his interest reduced to zero.  FAC, ¶ 117.  Defendants also assert that Plaintiff has ignored all of the declarations of members resisting Plaintiff's appointment, and insufficiently alleges that "by attorney's affidavit, Plaintiff asserts that Davis supports this suit."  Plaintiff's Opposition at 26.

Plaintiff urges this Court to apply the factors in Rothenberg v. Security Management Co., Inc., 667 F.2d 958, 961 (11th Cir. 1982), to determine whether he can fairly and adequately represent the interest of similarly situated members.  These factors include whether the plaintiff is familiar with the litigation, the degree of control exercised by the attorneys, the degree of support received from other shareholders, and the plaintiff's personal commitment to the action.  Clearly Plaintiff has the

knowledge and commitment to pursue this action.  However, the Court cannot ignore that the majority of members oppose Plaintiff being their representative.

The Court concludes that it need not decide this issue at this time, given that the Plaintiff must re-plead the allegations in a Second Amended Complaint for the reasons expressed elsewhere in this Order.  Plaintiff should include in his amended complaint additional support regarding this issue.

### D.  Jurisdiction over the Accounting Claim

Defendants argue that a claim for accounting can only be brought in state circuit court pursuant to Fla. Stat. § 608.4101(6).  Plaintiff did not respond to this argument.  The Court need not decide this issue at this time as neither party has cited to case law, and a new amended complaint needs to be filed either way.

### E.  More Definite Statement

A careful reading of the FAC reveals that none of the claims are specifically plead against Defendants Ilene Feit or Pamela Flechner, nor against any LLC Defendant other than Cane Burger, LLC.  The Wives are identified as "co-conspirators" in the "Preliminary Statement" of the FAC, however, they are not identified as a defendant to any particular count of the FAC.  Plaintiff does properly identify which defendants are the subject of which count.  However, the Wives and the other LLC Defendants have been left out of this identification, leaving them in a difficult position in responding to the FAC.  They are certainly entitled to a more definite statement.

### F.  Motion to Strike Under Rule 12(f)

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "upon motion made by a party ... the court may order stricken from any pleading any "immaterial, impertinent, or scandalous matter."  There are few cases interpreting these terms under

Rule 12(f).  In Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988), the First Circuit Court concluded that use of the terms "concentration camp," "brainwash," and "torture," and a comparison to "Chinese communists in Korea," in a case alleging emotional damages resulting from an employer's resignation process should be stricken.  The Court stated that these terms were "superfluous descriptions" and not substantive elements of the cause of action.  Id.  In Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992), the Seventh Circuit concluded that the district court did not abuse its discretion in striking paragraphs in a complaint that alleged that defendants intentionally caused a salmonella outbreak, resulting in deaths and injuries to consumers, in order to deprive plaintiffs of their jobs at a dairy.  The Court stated that the district court's conclusion that these allegations were devoid of any factual basis was not an abuse of discretion.  Id.

In Florida, "a communication is 'defamatory' if it tends to harm the reputation of another as to lower him or her in estimation of community or deter third persons from associating or dealing with the defamed party."  LRX, Inc. v. Horizon Associates Joint Venture ex rel. Horizon-ANF, Inc., 842 So.2d 881, 885 (Fla. Dist. Ct. App. 2003).  However, truth is "a defense to defamation when the truth has been coupled with good motive."  Id. at 886-887, *quoting* Lipsig v. Ramlawi, 760 So.2d 170, 183 (Fla. Dist. Ct. App. 2000).

In applying this case law to the present appeal, the Court notes that the FAC allegations sought to be stricken do not contain superfluous descriptions of Defendants.  Rather, it contains information regarding their business actions that are arguably relevant to how they managed the LLC's.  This Court does agree with Defendants that allegations regarding the Maryland litigation have little to do with the claims in this

action.  The Court concludes that while Defendants have failed to meet their burden to strike the allegations pursuant to Rule 12(f), in re-pleading his claims, Plaintiff should only include relevant allegations.

### III.  CONCLUSION

Plaintiff has moved for a hearing on the pending motions.  As Plaintiff himself concedes in his "Motion for Appropriate Relief," the FAC does not identify a claim as to the Wives and most of the LLC Defendants.  The Court declines to hold a hearing until the claims are re-plead and all legal issues are fully briefed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Ilene Flechner and Pamela Feit's Motion to Dismiss First Amended Complaint [DE 45] is hereby **GRANTED in part** and **DENIED in part**, as explained above;

2. The LLC Defendants' Motion to Dismiss [DE 55] is hereby **GRANTED in part** and **DENIED in part**, as explained above;

3. Defendants' Motions for a More Definite Statement [DE 45/55] are hereby **GRANTED**;

4. The LLC's Defendants Motion for Joinder in Wives Reply [DE 62] is hereby **GRANTED**;

5. Plaintiff's Motion for Appropriate Relief including for leave to amend [DE 65] is hereby **GRANTED in part** and **DENIED in part**.  Plaintiff is granted leave to amend to address the pleading deficiencies outlined above, but the motion is denied as to all other requests;

6. By March 19, 2012, Plaintiff shall file a Second Amended Complaint that addresses the pleading deficiencies outlined above.  Failure to file a Second

9

      Amended Complaint by that deadline shall result in the closing of this case;

7.     Plaintiff's Motion for Hearing [DE 66] is hereby **DENIED**.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of March, 2012.

                                          _____
                                          JAMES I. COHN
                                          United States District Judge

copies to:
counsel listed on CM/ECF