UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62220-CIV-COHN/SELTZER

RAYMOND HENRY STARKES, III,

    Plaintiff,

vs.

JACK B. FLECHNER, ILENE FLECHNER,
GREG FEIT, PAMELA FEIT, CANE BURGERS, LLC,
CANE BURGERS II, LLC, CANE BURGERS II DORAL
LLC, CANE BURGERS II FIU, LLC, CANE
BURGERS SB, LLC, CANE BURGERS MIDTOWN
LLC, and BURGER BIZ, LLC.

    Defendants.
_____/

### ORDER DENYING MOTION TO DISQUALIFY SCOTT SILVER, ESQ. AND FREDRIC GARVETT, ESQ.

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Disqualify Scott Silver, Esq. and Fredric Garvett, Esq. [DE 76], Defendants Ilene Flechner and Pamela Feit's Response to Motion [DE 87], and Plaintiff's Reply [DE 91]. The Court has carefully considered the motion, response and reply, and is otherwise fully advised in the premises.

### I. BACKGROUND[1]

Plaintiff Raymond Henry Starkes, III ("Starkes" or "Plaintiff") filed this action against his business partners, Gregory Feit and Jack Flechner, along with their wives, Ilene Feit and Pamela Flechner ("Wives"), and various closely held corporations. Starkes alleges that he formed Defendant Cane Burgers, LLC (defined as "Root LLC") with Feit and Flechner in order to purchase and operate franchises in Florida of Five

---

[1] For a more complete background of this case, please refer to the Court's Order Granting in Part Motion to Dismiss, etc. [DE 74].

Guys, a premium fast food restaurant chain. Starkes, Feit and Flechner each owned 25% of Root LLC, with the remaining 25% split among an operations manager and several investors. First Amended Complaint, ¶¶ 59-61, 64 [DE 24] (hereinafter, "FAC"). Starkes alleges that the Five Guys franchises purchased by Root LLC in 2005 made significant profits, but only Feit and Flechner enjoyed those profits by obtaining wrongful distributions from Root LLC and creating spinoff corporations, also named as Defendants in this action. Id., ¶¶ 81-82, 88. In 2011, Defendants executed an asset sale without Plaintiff's knowledge, selling the LLC's for $5.7 million. One week after the FAC was filed on December 27, 2011, Defendants Gregory Feit and Jack Flechner filed for bankruptcy, resulting in a stay of this litigation as to those two defendants [DE's 27, 28 and 29]. On March, 6, 2012, the Court granted the motions to dismiss of the Wives Defendants and the LLC Defendants, though the Court granted Plaintiff's motion for leave to file an amended complaint [DE 74].

Plaintiff has moved to disqualify counsel for the Wives' defendants, on the theory that they previously had represented the LLC's in the asset sale, that they therefore must have gained confidential information from the LLC's, that the LLC's position in this derivative suit is being controlled by Feit and Flechner (despite the LLC's having independent counsel), that the LLC's may have a claim against the Wives (as well as Feit and Flechner), and therefore Attorneys Silver and Garvett have an irreconcilable conflict under Florida Bar Rule 4-1.9. Defendants oppose the motion.[2]

---

[2] Just six days prior to Plaintiff's filing of the present motion, the Wives Defendants moved for disqualification of Plaintiff's counsel in this action for alleged eavesdropping that occurred on February 28, 2012, during the Rule 2004 Examination held in the related bankruptcy action [DE 75]. The Wives also filed the same motion

2

## II. DISCUSSION

Plaintiff asserts that Wives' counsel's representation by Scott Silver, Esq. and Silver & Garvett violates Florida Bar Rule 4-1.9. A party bringing a motion to disqualify bears the burden of proving the grounds for disqualification. In re Bellsouth Corp., 334 F.3d 941, 961 (11th Cir. 2003). The moving party must have "compelling reasons" to disqualify counsel. Id. A court must conclude that the attorney violated a specific ethical rule. Herrmann v. Gutterguard, Inc., 199 Fed. App'x 745, 752, 2006 WL 2591878, *6 (11th Cir. Sept. 11, 2006); Schlumberger Techs., Inc. v. Wiley, 113 F.3d 1553, 1561 (11th Cir. 1997).

Florida Bar Rule 4-1.9 states as follows:

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a)  represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

In order for Plaintiff to meet his burden to disqualify Wives' counsel, he must show that counsel represented the LLC's in a substantially related matter, and that the LLC's interests are materially adverse to that of the Wives. Plaintiff contends that counsel represented the LLC's in the asset sale, based upon a line-item payout of at least $60,000 to Silver & Garvett. Wives' counsel contends this payout was merely paid to resolve a loan made to one an unrelated corporation who invested in the LLC's.

---

before United States Bankruptcy Judge Raymond Ray in the bankruptcy case, who has set an evidentiary hearing on that motion. Because the Wives' motion is based upon conduct that occurred during part of the bankruptcy case, this Court will defer ruling on the Wives' motion until after Judge Ray holds his evidentiary hearing.

Counsel further contends that the sale of assets was not substantially related to this litigation, and even if it was, the interest of the Wives is not materially adverse to that of the LLC's.  The Court agrees that this action is really about the disposition of the money from that asset sale, not the mechanics of the actual sale.

In his reply, Starkes cites to Stepak v. Addison, 20 F.3d 398, 406-07 (11th Cir. 1994), for the proposition that a law firm that previously represented individual wrongdoers, who were corporate insiders in a criminal investigation, could not represent the corporation in conducting a reasonable investigation of the plaintiff's demand in a derivative action.  Plaintiff contends that confidential information that Wives' counsel must have learned during the asset sale cannot be "unlearned," should at some future point the bankruptcy trustee or this Court appoint a receiver to allow the LLC's to bring an action against the wives.[3]

The Stepak decision was based upon the conclusion that a shareholder must plead facts "with sufficient particularity" to show that "a board's consideration of [a] demand was dominated by a law firm that represents or previously represents an alleged wrongdoer in criminal proceedings related to the very subject matter of the demand, then the shareholder raises a reasonable doubt that the board's rejection of his demand was an informed decision protected by the business judgment rule." Stepak, 20 F.3d at 407.  In the present case, there are no criminal proceedings, only civil lawsuits.  In addition, the Second Amended Complaint ("SAC") filed on April 5,

---

[3] For the first time in his reply, Plaintiff argues that Wives' counsel has also violated Florida Bar Rule 4-1.7, regarding representation of adverse interests.  It is improper to raise a new ground for disqualification in a reply.  The Court will not consider this argument.

4

2012 [DE 95], although it pleads a derivative claim and mentions the continued representation of Mr. Silver, does not plead with sufficient particularity that the LLC's consideration of Plaintiff's demand was dominated by Mr. Silver or his firm.  SAC, ¶ K.  The Court concludes that Plaintiff has failed to meet his burden to show a compelling reason for the Court to disqualify Silver & Garvett in this action.

Wives' counsel also asserts that an additional basis for denying Plaintiff's motion is the timeliness of the motion.  Wives' counsel notes that Plaintiff admittedly knew of the possible conflict on November 14, 2011, when counsel for the LLC's, Orion Callison, III, Esq., then with the Silver & Garvett firm, asked whether Plaintiff objected to the firm's representation of the LLC's.  Plaintiff's Motion, ¶ 9.  Plaintiff did object at the time, but did not file this motion until four months later, just six days after Defendants moved for sanctions and disqualification of Plaintiff's counsel due to the February 28 Rule 2004 Examination "eavesdropping" incident.  Wives' counsel contends that Plaintiff's motion was not made with reasonable promptness.  Central Milk Producers Co-op. v. Sentry Food Services, Inc., 573 F.2d 988, 992 (8th Cir. 1978); Kafka v. Truck Ins. Exchange, 19 F.3d 383, 386 (7th Cir. 1994).  Plaintiff did not respond to this argument.  The Court concludes that an independent reason to deny the present motion is Plaintiff's failure to timely move to disqualify Wives' counsel.[4]

---

[4] To the extent Defendants have suggested in the "Wherefore" clause of their response that this Court should issue sanctions against Plaintiff's counsel under 28 U.S.C. § 1927 or require counsel to show cause under Rule 11(c)(3), the Court denies those requests.

5

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Disqualify Scott Silver, Esq. and Fredric Garvett, Esq. [DE 76] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of April, 2012.

JAMES I. COHN
United States District Judge

copies to:
counsel listed on CM/ECF