UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62220-CIV-COHN/SELTZER

RAYMOND HENRY STARKES, III,

    Plaintiff,

vs.

JACK B. FLECHNER, ILENE FLECHNER,
GREG FEIT, PAMELA FEIT, CANE BURGERS, LLC,
CANE BURGERS II, LLC, CANE BURGERS II
DORAL LLC, CANE BURGERS II FIU, LLC, CANE
BURGERS SB, LLC, CANE BURGERS MIDTOWN
LLC, and BURGER BIZ, LLC,

    Defendants.
_____/

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DIRECTING RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiff's Verified Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunctive Relief ("Emergency Motion") [DE 140]. The Court has carefully considered the motion and is fully advised in the premises.

In this action, Plaintiff Raymond Henry Starkes, III ("Starkes" or "Plaintiff") asserts various claims against his business partners, their wives, and various closely held companies (together, "Defendants"), arising from a business venture to purchase and operate Five Guys restaurant franchises in Florida. Starkes generally alleges, on behalf of himself and the company formed to purchase the franchises ("Cane Burgers"), that Defendants misappropriated assets of Cane Burgers and wrongfully deprived Starkes of his interest in the company. See DE 95 (Second Amended Complaint). The assets of Cane Burgers were eventually sold to a Virginia company.

In his Emergency Motion, Plaintiff requests a temporary restraining order and preliminary injunction requiring Cane Burgers to deposit with the Court certain funds allegedly owed to Plaintiff as a result of the company's asset sale.  According to Plaintiff, these funds should be paid out of "holdbacks" that the purchaser of Cane Burgers' assets will soon distribute to the company.

To obtain a preliminary injunction, Plaintiff must establish four elements:  (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to Plaintiff outweighs the harm an injunction may cause to Defendants; and (4) that granting the injunction will not disserve the public interest.  See Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir.1994).  Because a preliminary injunction is "an extraordinary and drastic remedy," it may not be granted unless the moving party "clearly carries the burden of persuasion as to the four prerequisites."  Id. (internal quotation marks omitted); see McDonald's Corp. v. Roberts, 147 F.3d 1301, 1306 (11th Cir. 1998).  Subject to the requirements of Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order to preserve the status quo until a preliminary-injunction hearing is held.  See United States v. Kaley, 579 F.3d 1246, 1264 (11th Cir. 2009).

For two main reasons, the Court denies Plaintiff's motion for an *ex parte* temporary restraining order.  First, although purportedly seeking an emergency equitable remedy, Plaintiff is essentially asking the Court to award him monetary relief that he seeks in his Second Amended Complaint.  See DE 95 at 8, 30-31.  Given that Plaintiff has identified the specific amounts allegedly owed to him from the asset sale,

the Court sees no reason why Plaintiff's alleged injury could not be adequately remedied through an award of damages.  Second, the only "emergency" in this case appears to be one of Plaintiff's making.  Plaintiff's motion indicates that he has known about the alleged unpaid share of the asset sale since at least February 2012.  See DE 140 at 2.  Yet Plaintiff waited several months, until the very day Plaintiff claims the first holdback might be disbursed, to seek emergency *ex parte* relief.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. To the extent that Plaintiff seeks an *ex parte* temporary restraining order, Plaintiff's Verified Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunctive Relief [DE 140] is **DENIED**.

2. Regarding Plaintiff's request for a preliminary injunction, Defendants shall file a response to Plaintiff's Motion [DE 140] within the normal time period allowed by the Local Rules.  Plaintiff may then file a reply if he so chooses.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of July, 2012.

_____
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF